UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

GERALD WILSON,

                              Petitioner,

      -against-                                                  5:21-CV-00407 (LEK/ATB)

BOBBIJO WOLF RAMSDEN,

                              Claimant.

## **MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

On April 9, 2021, Petitioner Gerald Wilson, owner of a 22-foot pontoon boat ("Vessel"), commenced this suit pursuant to the Limitation of Liability Act of 1851, 46 U.S.C. §§ 30501, *et seq.*, involving admiralty and maritime claims under Federal Rule of Civil Procedure 9(h). Dkt. No. 1 ("Complaint") ¶¶ 1, 5. Petitioner seeks exoneration from or limitation of liability with regard to possible claims made by Claimant Bobbijo Wolf Ramsden for injuries from disembarking the Vessel on May 27, 2020, on Otisco Lake at the Otisco Lake Marina in Marietta, New York. <u>Id.</u> ¶¶ 1, 2, 6–7. At issue in this case is Petitioner's motion for default judgment as to Ramsden. Dkt. Nos. 13–14 ("Motion for Default Judgment"). For the reasons that follow, the Court lacks subject matter jurisdiction in this case and, therefore, Petitioner's Motion for Default Judgment is denied as moot. Petitioner is granted fourteen (14) days from the date of issuance of this Memorandum-Decision and Order to file supplemental briefing with the Court providing evidence that Otisco Lake is a navigable waterway for the purposes of federal admiralty jurisdiction.

## II. BACKGROUND

On April 19, 2021, Petitioner filed an *Ad Interim* Stipulation for Value indicating that "the value of petitioner's interest in the vessel on the day of the alleged marine incident . . . has been fixed at $25,000 . . . ." Dkt. No. 3 at 2. On April 21, 2021, the Court approved Petitioner's *Ad Interim* Stipulation for Value. Dkt. No. 5. On June 17, 2022, Petitioner filed a motion for default judgment as to Ramsden. See generally Mot. for Default J.

## III. LEGAL STANDARD

"'[T]he failure of the parties to contest the district court's authority to hear a case does not act to confer [federal] jurisdiction . . . since a challenge to subject matter jurisdiction cannot be waived and may be raised [either by motion or] *sua sponte*' at any time." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 107 (2d Cir. 1997) (emphasis in original) (cleaned up) (quoting United Food Local 919 v. Centermark Properties, 30 F.3d 298, 301 (2d Cir. 1994)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The United States Constitution states that "[t]he judicial Power shall extend . . . to all Cases of admiralty and maritime Jurisdiction . . . ." U.S. Const. art. III, § 2. "Congress has codified admiralty and maritime jurisdiction at 28 U.S.C. § 1333(1), which gives federal district courts 'original jurisdiction . . . of [a]ny civil case of admiralty or maritime jurisdiction . . . .'" Vasquez v. GMD Shipyard Corp., 582 F.3d 293, 298 (2d Cir. 2009) (quoting 28 U.S.C. § 1333(1)). "[T]he fundamental interest giving rise to maritime jurisdiction is 'the protection of maritime commerce.'" LeBlanc v. Cleveland, 979 F. Supp. 142, 145 (N.D.N.Y. 1997) (Kahn, J.) (quoting Sisson v. Ruby, 497 U.S. 358, 367 (1990)), aff'd 198 F.3d 353 (2d Cir. 1999). "Without the possibility of maritime commerce, there is no interest served in imposing a uniform body of

2

admiralty law upon a case or controversy when the application of state tort law would both redress the wrong and accommodate the state's interest in applying its substantive law." LeBlanc, 979 F. Supp. at 145.

The Second Circuit has said that "[t]o determine whether a tort action lies within the federal courts' admiralty jurisdiction" courts should "apply the two-prong test set forth by the Supreme Court[,]" as stated in Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527 (1995). MLC Fishing, Inc. v. Velez, 667 F.3d 140, 142 (2d Cir. 2011). "[A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity." Grubart, 513 U.S. at 534. Accordingly, under Grubart:

> First, the alleged tort must have occurred on or over "navigable waters." Second, the activity giving rise to the incident must have had a substantial relationship to traditional maritime activity, such that the incident had a potentially disruptive influence on maritime commerce.

Vasquez, 582 F.3d at 298 (citations omitted) (quoting Grubart, 513 U.S. at 534).

**IV.   DISCUSSION**

To determine the navigability of a waterway, courts look to the Supreme Court case The Daniel Ball, 77 U.S. 557 (1870). See LeBlanc, 198 F.3d at 356 ("The district court, like virtually every other court to consider the question of navigability for admiralty jurisdiction purposes, applied the definition of navigable waters first articulated in The Daniel Ball . . . ." (citation omitted)); see also Lockheed Martin Corp. v. Morganti, 412 F.3d 407, 412 (2d Cir. 2005) (applying The Daniel Ball, "a test of long standing," to determine the navigability of a waterway). Under The Daniel Ball:

> Those rivers must be regarded as public navigable rivers in law which are navigable in fact. And they are navigable in fact when

> they are used, or are susceptible of being used, in their ordinary condition, as highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water. And they constitute navigable waters of the United States within the meaning of the acts of Congress, in contradistinction from the navigable waters of the States, when they form in their ordinary condition by themselves, or by uniting with other waterways, a continued highway over which commerce is or may be carried on with other States or foreign countries in the customary modes in which such commerce is conducted by water.

77 U.S. at 563.

In this case, Petitioner states that "the incident involved a vessel operating upon the navigable waters of the United States, more specifically Otisco Lake in Marietta, New York, and this satisfies the requirements for invoking the Court's admiralty jurisdiction." Compl. ¶ 2.

As noted above, "a party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity." Grubart, 513 U.S. at 534. In pleadings that seek to invoke federal admiralty:

> If the pleader choses to rely upon the court's admiralty and maritime jurisdiction or if the case is one for which the only available basis of jurisdiction is admiralty and maritime, then something akin to what appeared in the now abrogated Official Form 7(c) should suffice: "This is a case of admiralty or maritime jurisdiction." The rest of the pleading must show that the case actually is within the admiralty and maritime jurisdiction of the federal courts. Although it is true that the courts are required to construe all allegations of a pleading liberally, a claim that in fact is not under the admiralty and maritime jurisdiction of the federal courts cannot be made into one simply by liberal construction of the pleading.

5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1211 (4th ed.) (footnote omitted).

In this case, the Court cannot find any basis for determining that Otisco Lake is a navigable waterway, because nothing here indicates that Otisco Lake "form[s] in [its] ordinary condition by [itself], or by uniting with other waterways, a continued highway over which

4

commerce is or may be carried on with other States or foreign countries in the customary modes in which such commerce is conducted by water." The Daniel Ball, 77 U.S. at 563; see also LeBlanc, 979 F. Supp. at 145–46 (finding "there is no evidence in the record that suggests that the Hudson river above Fort Edwards is presently or has ever been 'capable of supporting interstate trade or travel'" and that "the situs of the accident does not constitute a waterway that is navigable in fact[,]" thereby concluding that "[a]dmiralty jurisdiction is, therefore, lacking in this case" (quoting Reynolds v. Bradley, 644 F. Supp. 42, 45 (N.D.N.Y. 1985)); Johnson v. Anderson, No. 06-CV-782, 2007 U.S. Dist. LEXIS 20467, at *6 (D. Conn. Mar. 2, 2007) ("The location test [for determining whether a tort claim falls within federal admiralty jurisdiction] is not met in this case because Candlewood Lake is a lake located entirely within the State of Connecticut. Moreover, one cannot navigate in a vessel from Candlewood Lake into open sea or to any other state. Thus, under admiralty's definition of 'navigable,' Candlewood Lake is not a navigable waterway.'"). Because there is no indication that Otisco Lake can be considered a navigable waterway under The Daniel Ball standard, this case fails to satisfy the condition of location that is required to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1). See Reynolds, 644 F. Supp. at 45 ("The plaintiff herein has failed to establish that Skaneateles Lake, at this time, is anything more than a landlocked body of water located entirely within the state of New York. The lake is dammed at the north end and the waters flowing to the Erie Barge Canal, the only means of reaching interstate waters, are incapable of sustaining travel by boats of any size. Indeed, the plaintiff presented no evidence that any boats leave, or are able to leave the

lake's boundaries."). Accordingly, the Court finds that it lacks subject matter jurisdiction in this case, and Petitioner's Motion for Default Judgment is denied as moot.[1]

However, "a district court should not dismiss an action pending before it without first providing the adversely affected party with notice and an opportunity to be heard." McGinty v. New York, 251 F.3d 84, 90 (2d Cir. 2001). "In resolving the question of jurisdiction, the district court can refer to evidence outside of the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Hamm v. United States, 483 F.3d 135, 137 (2d Cir. 2007) (quoting Luckett v. Bure, 290 F.3d 493, 496–97 (2d Cir. 2002)). Accordingly, the Court grants Petitioner **fourteen (14) days** from the date this Memorandum-Decision and Order is issued to file supplemental briefing providing evidence that Otisco Lake is a navigable waterway for the purposes of federal admiralty jurisdiction. Failure to file supplemental briefing will result in the dismissal of this case.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Petitioner's Motion for Default Judgment as to Ramsden (Dkt. Nos. 13–14) is **DENIED** as **MOOT** for lack of subject matter jurisdiction; and it is further

---

[1] This case may meet the second requirement of federal admiralty jurisdiction—connection to maritime activity. See LeBlanc, 198 F.3d at 356 ("The Supreme Court has held that although pleasure boating is not itself maritime commerce, pleasure boat accidents have a significant relationship to traditional maritime activity because of 'the potential disruptive impact [upon maritime commerce] of a collision between boats on navigable waters.'" (quoting Foremost Ins. Co. v. Richardson, 457 U.S. 668, 675 (1982))); cf. Reynolds, 644 F. Supp. at 44 ("In this case, the basis of the action, *i.e.*, the collision of a pleasure boat with a cement dock, clearly bears a significant relationship to traditional maritime activity." (emphasis in original)). However, the Court need not address that question at this time, because Petitioner has failed to meet the location requirement of federal admiralty jurisdiction.

**ORDERED**, that Petitioner is granted **fourteen (14) days** from the date of issuance of this Memorandum-Decision and Order to file supplemental briefing with the Court providing evidence that Otisco Lake is a navigable waterway for the purposes of federal admiralty jurisdiction; and it is further

**ORDERED**, that if Petitioner fails to file this supplemental briefing within the time provided, this case shall be dismissed for lack of subject matter jurisdiction, and the Clerk of the Court shall close this case without further order of the Court; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    October 13, 2022
          Albany, New York

LAWRENCE E. KAHN
United States District Judge